IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY A. CHATMAN,

    Plaintiff,                              No. CIV S-04-2654 FCD DAD P

    vs.

NANCY DILLION, et al.,          <u>ORDER AND</u>

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

          Plaintiff, a state prisoner confined in the Solano County Jail, is proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. The case was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed December 21, 2004, plaintiff was directed to file a certified copy of his jail trust account statement for the six month period immediately preceding the filing of this case. The court finds that plaintiff has included a two-page jail account activity statement among the attachments to an amended complaint submitted for filing on January 10, 2005.

          The district court is required to dismiss a case in which a party is proceeding in forma pauperis if the action is legally frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

1  § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions for the claim are clearly
5  baseless. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has
6  an arguable legal and factual basis. <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989);
7  <u>Franklin</u>, 745 F.2d at 1227.

8        A claim should be dismissed for failure to state a claim upon which relief may be
9  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim
10 that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v.</u>
11 <u>Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
12 complaint under this standard, the court accepts as true the allegations of the complaint,
13 construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the
14 plaintiff's favor. <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976); <u>Jenkins v.</u>
15 <u>McKeithen</u>, 395 U.S. 411, 421 (1969).

16       The Civil Rights Act under which the present action was filed provides that

17 > [e]very person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
18 > deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
19 > law, suit in equity, or other proper proceeding for redress.

20 42 U.S.C. § 1983. A plaintiff proceeding under § 1983 must allege and prove that (1) he was
21 deprived of a right secured by the constitution or laws of the United States and (2) the alleged
22 deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S.
23 42, 48 (1988). The "under color of state law" requirement is an essential element of a § 1983
24 case, and it is the plaintiff's burden to prove this element by a preponderance of the evidence.
25 <u>Lee v. Katz</u>, 276 F.3d 550, 553-54 (9th Cir. 2002).
26 /////

In the present case, plaintiff has sued attorney Nancy Dillion, Public Defender, and the Office of the Public Defender for Solano County. Plaintiff alleges that the defendants provided ineffective assistance of counsel and as a result he had an unfair trial and was convicted on June 30, 2004. Plaintiff alleges that counsel failed to perform her duties under the United States Constitution and state law due to incompetence and negligence. Plaintiff seeks general damages, punitive damages, costs, and attorney fees.

The court finds that plaintiff has sued defendants who are not state actors for purposes of § 1983. Although lawyers are generally licensed by the states, they are not government officials or government employees merely because they are lawyers. Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981) (citing In re Griffiths, 413 U.S. 717, 729 (1973)). An attorney who is employed by the state as a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and therefore cannot be a defendant in a § 1983 action. Id. at 318-19, 325.

Because the defendants in this case are not state actors for purposes of § 1983, plaintiff's claims lack an arguable basis in law. Plaintiff's claims must be dismissed because they are legally frivolous and fail to state a claim on which relief may be granted. Plaintiff cannot cure the defect in his complaint, and his claims must be dismissed without leave to amend.

Plaintiff has filed multiple requests for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the absence of a cognizable federal claim in this case, the court does not find the required exceptional circumstances. Plaintiff's requests for appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2005 motion for appointment of counsel is denied;

2. Plaintiff's April 14, 2005 motion for appointment of counsel is denied, and

IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed on the grounds that plaintiff's claims are legally frivolous and fail to state a claim on which relief may be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
chat2654.56